UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION AT ASHLAND

| | | |
|---|---|---|
| LARRY NORRIS, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 14-CV-125-HRW |
| | ) | |
| v. | ) | |
| | ) | |
| LIEUTENANT KENSER, *et al.*, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |
| | ) | |

\*\*\*\*    \*\*\*\*    \*\*\*\*    \*\*\*\*

Proceeding without counsel, Plaintiff Larry Norris[1] has filed a *pro se* civil rights complaint asserting claims under 28 U.S.C. § 1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971). Norris alleges that in September 2012, he was confined by the BOP in the Federal Correctional Institution ("FCI")-Ashland, located in the Ashland, Kentucky, and that while confined in FCI-Ashland, the defendants, all of whom were FCI-Ashland officials, violated his various constitutional rights.

---

[1]     The Bureau of Prisons' ("BOP") website lists Norris's current address as the St. Louis Residential Reentry Management Office, located in St. Louis, Missouri. *See* ww.bop.gov/inmateloc (last visited January 21, 2015). The BOP website further states that Norris is scheduled to be released from BOP custody on April 2, 2015. [*Id.*]
        On January 21, 2015, Norris notified the Clerk of the Court that he had a new mailing address, being "Larry Norris, 2200 Garfield Avenue, Apt. 703, Terre Haute, IN, 47804." [D. E. No. 5] When Norris filed this action on August 15, 2014, he listed the following mailing address: Larry Norris, Volunteers of America, 611 N. Capitol, Indianapolis, IN, 64204.

Norris has paid the $400.00 filing fee [D. E. No. 1-5], but the Court has conducted a preliminary review of his complaint because he asserts claims against government officials. 28 U.S.C. § 1915A. Because Norris is proceeding without an attorney, the Court liberally construes his claims and accepts his factual allegations as true. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007). As explained below, however, the Court determines that Norris has not alleged a claim upon which relief can be granted as to any of his constitutional claims.

## ALLEGATIONS OF THE COMPLAINT

Norris alleges that on September 13, 2012, while he was standing in or near the medical offices of FCI-Ashland, Lieutenant Kenser and Nurse Barry Frazee applied excessive force and physically assaulted him without provocation, causing him to sustain a serious injury to his neck and shoulder; that Nurse "Angel," Nurse "Walker," and Dr. McFall stood by and observed Kenser and Frazee physically attack him, but failed to protect him from further injury, either by trying to stop the attack on him or by calling for assistance; and that Officers White and Lopez knew that the attack had transpired and that he (Norris) suffered from a heart condition, but that neither of them tried to procure medical assistance for him. [D. E. No. 1, pp. 10-14] Norris thus claims that these seven FCI-Ashland defendants violated

2

his rights guaranteed under the Eighth Amendment of the U.S. Constitution, which prohibits cruel and unusual punishment.

Norris further claims that Counselor Boggs refused to provide him with an administrative remedy form which he had requested for the purpose of filing grievances against the other seven defendants. [*Id.*, pp. 12-13] Norris thus alleges that Counselor Boggs prevented him from complying with the BOP's multi-step administrative remedy process. That claims falls under the Fifth Amendment of the U.S. Constitution, which guarantees due process of law.

Finally, Norris alleges that all of the defendants acted in concert with each other and conspired to subject him to excessive force; to deny him necessary medical assistance; and to prevent him from filing an administrative grievance. That claim, too, qualifies as one alleging denial of due process of law in violation of the Fifth Amendment of the U.S. Constitution. [*Id.*, p. 13] Norris alleges that SIS Lieutenant Shelton of FCI-Ashland conducted an investigation into the attack on him, but that he was unable to obtain the results of that investigation. [*Id.*, p. 18] Norris attached some documentation pertaining to that internal investigation. *See* D. E. No. 1-4, pp. 2-4; pp. 6-14.

Norris seeks an Order which (1) declares that the eight FCI-Ashland defendants acted in concert to violate his federal constitutional rights; (2) awards

3

him $6 million dollars in compensatory damages from the defendants for the bodily injuries, pain, and suffering, which he claims he has suffered at their hands, and for the denial of his due process rights; and (3) prevents FCI-Ashland officials from transferring him or taking any other retaliatory action against him for having filed this *Bivens* Action.

## DISCUSSION

Norris's claims against all of the FCI-Ashland defendants must be dismissed because they are barred by the applicable one-year statute of limitations. Norris's Fifth and Eighth Amendment *Bivens* claims arose in Kentucky, and in Kentucky, the one-year limitation period under Ky. Rev. Stat. § 413.140(1)(a) applies to claims alleging the commission of constitutional torts.  Ky. Rev. Stat. Ann. § 413.140(1)(a); Mitchell v. Chapman, 343 F.3d 811, 825 (6th Cir. 2003); *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 181–82 (6th Cir. 1990).  Put another way, *Bivens* claims have a one-year statute of limitations under Kentucky law.  *Mitchell*, 343 F.3d at 825; *McSurely v. Hutchison*, 823 F.2d 1002 (6th Cir. 1987).

The next step requires the Court to determine when that one-year period began to run.  Federal law governs when the statute of limitations begins to run. *Wilson v. Garcia*, 471 U.S. 261, 267 (1985); *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  A cause of

action accrues when "... the plaintiff knows or has reason to know that the act providing the basis of his or her injury has occurred." *Friedman v. Estate of Presser*, 929 F.2d 1151, 1159 (6th Cir. 1991); *see also Sevier*, 742 F.2d at 273

Norris claims that he was physically attacked and denied necessary assistance and medical treatment on September 13, 2012. Norris further claimed that soon thereafter, Counselor Boggs prevented him from filing grievances. Norris, however, attached to his own complaint an "Informal Resolution Attempt," (BP-8 form) which he completed and submitted to the FCI-Ashland staff on September 30, 2012, in which he described being physically attacked on September 13, 2012. *See* D.E. No. 1-4, p. 5. Norris thus appears to be alleging that Officer Boggs refused to provide him with the next grievance form needed, the BP-9 "Administrative Remedy Request" (BP-9) form, which must be submitted to the Warden within twenty (20) days of the event giving rise to the grievance, pursuant to 28 C.F.R. § 542.14(a).

Accepting as true Norris's claim that Boggs refused to provide him with the necessary administrative remedy form, and his contention that from that point forward, he was unable to proceed any further in the administrative exhaustion process, Norris should have filed suit on both his Fifth Amendment due process claims, and his Eighth Amendment excessive force/failure to protect/failure to

render medical treatment claims, within one year of September 30, 2012, or on or before *September 30, 2013*. Norris did not file this *Bivens* action until August 15, 2014, almost one year *after* the date on which he should have filed suit, and almost two years after the date of the alleged actions described in his complaint.

It is clear from the face of Norris's complaint that both his Fifth and Eighth Amendment claims are barred by Kentucky's one-year statute of limitations.[2]  A district court may raise a limitations bar *sua sponte* when the "defect was obvious from the face of the complaint." *Alston v. Tenn. Dep't of Corr.*, 28 F. App'x 475, 476 (6th Cir. 2002) (citing *Pino v. Ryan*, 49 F.3d 51, 53-54 (2d Cir. 1995)).  The Court will therefore dismiss Norris' *Bivens* complaint with prejudice because his claims are barred by the applicable one-year statute of limitations.  Because the Court will dismiss this action, it will also deny as moot Norris' motion seeking the appointment of counsel [D. E. No. 2].

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** as follows:

---

[2]  To the extent that Norris alleges that he was denied the proper forms for filing administrative grievances, and that he was thus was denied due process of law in that respect, the Court parenthetically notes that prisoners have no inherent constitutional right to an effective prison grievance procedure. *See Hewitt v. Helms*, 459 U.S. 460, 467 (1983); *Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335, 2000 WL 799760, at *3 (6th Cir. June 14, 2000) (Unpublished Table decision); *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1996); *Flick v. Alba*, 932 F.2d 728, 729 (8th Cir. 1991).

(1)     Plaintiff Larry Norris's 28 U.S.C. § 1331 civil rights complaint [D. E. No. 1] is **DISMISSED WITH PREJUDICE.**

(2)     Norris's motion requesting the appointment of counsel [D. E. No. 2] is **DENIED** as **MOOT.**

(3)     Judgment will be entered contemporaneously with this Memorandum Opinion and Order in favor of the named defendants.

(4)     The Clerk of the Court shall send copy of this Memorandum Opinion and Order, and the attached Judgment, to Norris at the two following addresses: (1) the mailing address which Norris provided to the Clerk of the Court on January 21, 2015 [D. E. No. 5], **and** (2) to Larry Norris, BOP Register No. 08284-028, c/o the Residential Reentry Management Field Office-St Louis, 1222 Spruce Street, Suite 6.101, St. Louis, MO, 63103.

This February 24, 2015.



Signed By:
*Henry R. Wilhoit, Jr.*
United States District Judge